IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 15-cr-2622-5 KG/SCY

JAVIER AMADOR-FLORES,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Javier Amador-Flores' Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 220). The Motion is fully briefed. (Docs. 223, 225). Having reviewed the briefing and the relevant law, and for the reasons explained below, the Court denies the Motion.

I.   *Background*

After a jury trial, Mr. Amador-Flores was found guilty of one count of conspiracy to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) on July 20, 2016. (Doc. 144). On April 11, 2017, Mr. Amador-Flores was sentenced to a mandatory minimum of 120 months imprisonment and was required to complete a 500-hour drug treatment program. (Doc. 189) at 2. The Court also recommended that Immigration and Customs Enforcement begin removal proceedings during his service of the sentence. *Id.*

Mr. Amador-Flores subsequently appealed, arguing that a government witness was allowed to offer expert opinion without being offered as an expert, and the Tenth Circuit affirmed the judgment. *United States v. Amador-Flores*, 728 Fed. Appx. 839 (10th Cir. 2018).

1

Finally, Mr. Amador-Flores moved to vacate his sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel. (Doc. 215). The Court denied the motion. (Doc. 218).

Now Mr. Amador-Flores brings this Motion for Compassionate Release. He argues that his previous COVID infection (which he acknowledges is by itself "not sufficient to warrant a reduction in sentence," (Doc. 220) at 7[1]) combined with "the overly punitive measures taken at FCI-Fort Dix" in response to COVID, *id.*, justifies relief. He emphasizes that having been incarcerated for over seven years, he has less than 20 months remaining on his statutory sentence[2]—a "modest" reduction if granted. *Id.* He also urges that he is not a violent threat to the public. *Id.* at 7–8. He finally asserts, despite his removable status, that he has a "realistic" release plan, living with his son in Hobbs, New Mexico. *Id.* at 8.

The Government makes two arguments in opposition. First, it alleges Mr. Amador-Flores did not exhaust administrative remedies—a required prerequisite. (Doc. 223) at 3 (citing 18 U.S.C. § 3582). Second, the Government asserts that because Mr. Amador-Flores is vaccinated against COVID-19, he cannot show an extraordinary and compelling reason for compassionate release. *Id.* at 5.

II.  *Discussion*

This Motion for Compassionate Release is brought pursuant to 18 U.S.C. § 3582, which reads in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that…the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

---

[1] The Court refers to the ECF-applied page numbers in the header of the document.

[2] According to the Government, Mr. Amador-Flores' projected release date is February 3, 2024. (Doc. 223) at 2, 15 n.11; *also* (Doc. 224) Ex. 4.

2

warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that… extraordinary and compelling reasons warrant such a reduction… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c) (internal numbering and formatting omitted).

Administrative exhaustion is a threshold requirement, but the Tenth Circuit has held that it is a non-jurisdictional claim-processing rule. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021). While it appears this circuit has not addressed the issue, other circuits have construed the language of § 3582 to mean that a prisoner has met the exhaustion requirement merely by waiting 30 days after making a request to the warden. *E.g.*, *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021) (holding the "words 'or' and 'whichever' make it unambiguously clear that Congress has provided defendants with two alternative ways to satisfy the threshold requirement"—by either administrative appeal or by filing a motion in court 30 days after making the initial request).

The Government argues that Mr. Amador-Flores failed to meet the requirement, relying on an exhibit which is an email from an FCI-Fort Dix staff member dated May 27, 2022, reporting they did not find a reduction-in-sentence request from Mr. Amador-Flores. (Doc. 223) at 3 (citing (Doc. 224) Ex. 1). For his part, Mr. Amador-Flores attached to his Motion an unsigned copy of a letter to the warden requesting a reduction in sentence dated March 14, 2022. (Doc. 220) Ex. A. And in his reply, Mr. Amador-Flores attaches a reply letter from the R.I.S. Coordinator denying his request, dated June 15, 2022. (Doc. 225) Ex. C. Mr. Amador-Flores filed his Motion on May 23, 2022—70 days after his initial request, but before receiving a denial of the request. The Court is satisfied by Mr. Amador-Flores' exhibits that he met the exhaustion

3

requirement by waiting well over 30 days from the time he filed his request with the warden until filing the Motion. *See* 18 U.S.C. § 3582(c).

Moving to the merits, the Tenth Circuit recently endorsed a "three-step test for 'courts considering motions filed under [18 U.S.C.] § 3582(c)(1).'" *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (explaining that "because this three-step test is consistent with the plain language of the statute, we adopt the test for use in this circuit"). Under this test, a district court may grant a motion to reduce sentence if: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) it "considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Maumau*, 993 F.3d at 831. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Hald*, 8 F.4th 932, 938 (10th Cir. 2021) (quoting *McGee*, 922 F.3d at 143; citing *Maumau*, 993 F.3d at 831 n.4).

The Court's analysis in this case focuses on the first step which requires finding extraordinary and compelling reasons to warrant a reduction in sentence. Recall that Mr. Amador-Flores' argument is based in COVID-19 concerns. The Tenth Circuit recently held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of

prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"). Other district courts in this Circuit, following *McRae*, have concluded that, where a defendant has had access to the COVID-19 vaccine, incarceration during the pandemic does not serve, on its own, as an extraordinary and compelling reason for a sentence reduction. *See, e.g.*, *United States v. Martinez-Martinez*, Case No. 18-20090-01-DDC, 2022 WL 2237478, at *2 (D. Kan. June 22, 2022); *United States v. Smith*, No. 2:13-cr-00776, 2022 WL 1422197, at *6 (D. Utah May 5, 202); *United States v. Oaks*, No. 18-CR-00470-PAC-11, 2022 WL 1081148, at *2 (D. Colo. Apr. 11, 2022).

Here, Mr. Amador-Flores is vaccinated against COVID-19. (Doc. 224) Exs. 2 & 3. And he does not argue that he has any aggravating medical conditions which make him especially vulnerable. Instead, he argues that the prison's restrictive COVID-19 policies have been "significantly onerous and made his punishment more severe than this Court anticipated." (Doc. 220) at 10.

The Court notes that other courts which have addressed the issue of COVID restrictions, as opposed to the medical threat of COVID, have found restrictions do not amount to "extraordinary and compelling" reasons for release. *See, e.g.*, *United States v. Louis*, 523 F. Supp. 3d 140, 141 (D. Mass. 2021) ("His complaint rather is focused on the reduced access to educational programs, recreation, and religious worship posed by the COVID-19 sanitary restrictions…. While his concerns are understandable, they are not 'extraordinary and compelling.'"); *United States v. Cannon*, No. 3:17-CR-00208, 2022 WL 1748316, at *1 (D.N.D. May 31, 2022) ("[E]ven assuming COVID-19 restrictions are proper grounds for compassionate release, [Defendant] has not met his burden in showing that these conditions are in his case an [sic]

extraordinary and compelling reasons justifying compassionate release."). This Court agrees that restrictive prison policies imposed to slow the spread of COVID do not present extraordinary and compelling reasons for compassionate release. Because the Court determines that Mr. Amador-Flores's Motion fails on the first necessary step, it does not proceed to the next steps in the analysis.

III. *Conclusion*

Finding that Mr. Amador-Flores has not carried his burden of proving extraordinary and compelling circumstances justifying a reduction in his sentence, the Court denies his Motion.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE